Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8137 | **DATE** | March 10, 2011 |
| **CASE TITLE** | Darryl John Sutton (B-19389) v. Wiles, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [10] is accepted. The Clerk shall: (1) issue summonses for Defendants: Doctor Partha Ghosh, Doctor R. Schaefer, Latony Williams, Cleopatra Johnson, Warden Marcus Hardy, and Brian Fairchild; (2) terminate previously-named Defendants Jon Wiles, Donald Niles, Lieutenant Niles, Lieutenant Davis, Johnnie Franklin, Kevin Wittington, Margaret Thompson, Anna Dockery, and Osbourne; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [11] is granted. The Court appoints Andrew William Vail of Jenner & Block LLP, 353 North Clark Street, Chicago, Illinois 60654, 312-222-9350, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Darryl John Sutton, an inmate at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has submitted an amended complaint pursuant to the Court's January 19, 2011, order.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the amended complaint.

Plaintiff alleges in late May of 2010, he began to experience more than usual pain (he suffers from multiple medical issues) in his neck and spinal area, he experienced bad headaches, and he noticed that a small growth on his neck had began to get larger. Plaintiff gave notes to medical technicians when they made their rounds to be put on the sick call list to no avail. On July 27, 2010, Plaintiff was seen by Physician Assistant Williams. Williams told Plaintiff he would have to be seen by Doctor Partha Ghosh. In August of 2010, Plaintiff's prescription for ibuprofen expired. Plaintiff requests and notes to medical technicians to have the prescription renewed went unanswered.

On September 3, 2010, Plaintiff was taken to the health care unit for his 3-month diabetic clinic where he was seen by Dr. Schaefer. Plaintiff informed Dr. Schaefer about his medical issues but Dr. Schaefer told Plaintiff he would only write a prescription for ibuprofen and only discuss his diabetes. On September 7, 2010, Plaintiff received a grievance back from Counselor Johnson regarding him needing his ibuprofen. The response only indicated what Plaintiff grieved about-his prescription expired and he needed more medication.

Plaintiff was treated by Dr. Schaefer on September 22, 2010, regarding the growth on his neck. Dr. Schaefer told Plaintiff the growth was a lipoma that did not require further treatment. Dr. Schaefer refused to discuss Plaintiff's other medical issues. On September 23, 2010, Plaintiff gave Counselor Johnson an emergency grievance regarding his medical issues. Instead of forwarding the grievance to Warden Hardy, Counselor Johnson addressed the grievance with the Medical Records Director. On October 12, 2010, Plaintiff sent the grievance and response to Warden Hardy. On October 15, 2010, Plaintiff received the grievance back with the notation from Warden Hardy that it was determined not to be an emergency. Plaintiff's subsequent appeal to the Administrative Review Board was returned with the notation by Brian Fairchild that Plaintiff should contact his counselor (which Plaintiff had already done multiple times). On October 16, 2010, Plaintiff sent a letter to Dr. Ghosh regarding his lack of medical treatment.

Plaintiff was scheduled to be seen by Dr. Ghosh on November 11, 2010. When Plaintiff went to the health care unit on that day, Plaintiff was seen by Williams, who did not have Plaintiff's medical records and did not know why

| STATEMENT |
|---|
| Plaintiff was in the health care unit. Plaintiff was finally seen by Dr. Ghosh on November 30, 2010, at which time Dr. Ghosh told Plaintiff he needed to have an MRI. As of January 2011, Plaintiff had still not received an MRI and continues to suffer serious pain and the growth on his neck continues to grow larger.<br>   Plaintiff alleges that the Defendants' actions constituted deliberate indifference to his serious medical needs and that the Defendants conspired together to deny him proper medical treatment. The named Defendants must respond to Plaintiff's amended complaint.<br>   The United States Marshals Service is appointed to serve the named Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, Stateville Correctional Center shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br>   In light of Plaintiff's allegations and medical issues, Plaintiff's motion for appointment of counsel is granted. The Court appoints Andrew William Vail of Jenner & Block LLP, 353 North Clark Street, Chicago, Illinois 60654, 312-222-9350, as counsel for Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Failure of Plaintiff to notify the Court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice. |